UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD COLLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL VIERRA, et al.<br><br>　　　　Defendants. | NO. CV 19-1988-FMO (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), Plaintiff's Objections and Defendants' Reply to Plaintiff's Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected.

　　　The Report recommended that Defendants' motion to dismiss the complaint for insufficient service of process be granted and that Plaintiff be granted 30 days to serve Defendants. Plaintiff acknowledges that he attempted service on March 19, 2019. Defendants' motion was directed at the March 19, 2019 attempt. In his objections, however, Plaintiff states that Defendants were personally served on May 1, 2019, after Defendants filed their motion. In their response, Defendants do not dispute personal service on May 1, 2019. Accordingly, the issue of service of

process is now moot.

The Court accepts the findings and recommendation of the Magistrate Judge and quashes service of process on March 19, 2019. The court does ***not*** quash service of process on May 1, 2019.

The parties advise the court that Plaintiff filed a state court action in Los Angeles County Superior Court entitled *Edward Colley v. William S. Hart Union High Sch. Dist. and Michael Vierra*, Case No. 19CHCV00229. (Exh. 2 to Defendants' Reply to Obj.) On August 27, 2019, the Superior Court granted Defendants' anti-SLAPP motion. (Exh. 3.) Plaintiff states that he intended to appeal. (Obj. at 5.) Defendants argue that Plaintiff's notice of appeal in February 2020 was untimely and, therefore, the Superior Court's ruling is now final. (Reply at 3.)

Defendants request that the court either rule on the pending alternative motion to dismiss the complaint under Rule 12(b)(6) or else permit Defendants to file a "renewed" motion to dismiss based on the preclusive effect of the state court's ruling. Plaintiff acknowledges that "[s]ome of the issues of law and fact relevant to both my state and federal actions may eventually be conclusively decided by the state courts." (Obj. at 6.)

The Court disfavors piecemeal motions to dismiss a complaint. The Court therefore grants Defendants' request to file an amended motion to dismiss the complaint that contains all of the grounds for dismissal, both old and new. Defendants' request that the Court stay the action on its own motion until Plaintiff's appeal in state court is dismissed is denied without prejudice to Defendants' ability to file a motion for a stay if appropriate.

IT IS ORDERED that Defendants' motion to dismiss the complaint for insufficient service of process is DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendants' alternative motion to dismiss and/or strike the complaint under Rule 12(b)(6) and 12(f) is DEEMED WITHDRAWN and Defendants are granted an extension of time to file an amended motion to

dismiss and/or strike the complaint within 21 days after the entry of this order.

IT IS FURTHER ORDERED that Defendants' request that the Court stay the action on its own motion is DENIED without prejudice to any party's ability to file a motion for a stay.

The case is referred back to the Magistrate Judge for further proceedings.

DATED: March 12, 2020

/s/
FERNANDO M. OLGUIN
United States District Judge