UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD COLLEY,<br><br>Plaintiff,<br><br>v.<br><br>MICHEAL VIERRA, ET AL.,<br><br>Defendants. | Case No. 2:19-cv-01988-MEMF-AGR<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF THE UNITED STATE MAGISTRATE JUDGE** |

Under 28 U.S.C. § 636, the Court has reviewed the Complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), the parties' Objections and their respective responses to the objections. ECF Nos. 1, 52, 54-57.[1] The Court has engaged

---

[1] Plaintiff has styled his Objections as a "Motion for Review and Plaintiff's Objections to Magistrate Judge's Findings and Recommendations." ECF No. 55. To the extent Plaintiff has separately moved to have his Objections reviewed, in light of this Order, the motion is denied as moot.

-1-

in a *de novo* review of those portions of the Report to which objections have been made. The court accepts the Report except as set forth below.

The parties agree that Plaintiff has not been terminated from his employment. Therefore, the Court does not accept the sentence at page 12:19-20 of the Report that was apparently based on a discussion in Plaintiff's opposition. ECF No. 43 at 13.[2]

The Report recommends that Defendants' motion to dismiss Claim One be granted based on res judicata. Plaintiff's objections are overruled. Plaintiff essentially argues that res judicata cannot apply because, in the state court suit, Plaintiff did not name Dr. Vierra in an individual capacity and did not name Ms. Engebrecht at all.

Plaintiff's first amended complaint in state court named as defendants both the William S. Hart Union High School District ("School District") and Dr. Vierra in his official capacity as Assistant Superintendent of the School District. ECF No. 40-2 at 23 ¶¶ 4–5. As the Report explains, Plaintiff asserts the same primary right in both the state lawsuit and this lawsuit. The underlying facts, alleged injury and relief are substantially identical except that in the state lawsuit Plaintiff also sought injunctive relief in addition to monetary relief requested in both lawsuits. Report at 16–17, ECF No. 52; *compare* ECF No. 40-2 at ¶¶ 9–148, 149–72 *with* Complaint, ECF No. 1 at ¶¶ 12–130, 131–65. Contrary to Plaintiff's argument, Ms. Engebrecht, the Superintendent of the School District, and Dr. Vierra in his individual capacity may assert the preclusive effect of the state court judgment in favor of the School District. *See Stevenson v. Los Angeles Unified Sch. Dist.*, CV 09-6497 ODW (PLAx), 2010 U.S. Dist. LEXIS 153333 (C.D. Cal. June 28, 2010) (finding school superintendent was in privity with school district such that he

---

[2] Plaintiff requests that the court take judicial notice of filings in the state court action. As the Report observes, a court can take judicial notice of the docket and filings in other judicial proceedings. Report at 5.

was entitled to assert res judicata based on state court judgment in favor of school district); *see also Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 691 (9th Cir. 2007) (finding privity when individual defendants were employees of governmental entity during events in question and governmental entity's liability was predicated on alleged wrongdoing of employees), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008); *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 n.3 (9th Cir. 2022) (recognizing *Taylor* rejected *Adams* on a given point, but that *Adams* remains "good law" on remaining grounds).

The Report recommends that Defendants' motion to dismiss Claim Two (First Amendment retaliation) and Claim Three (intentional infliction of emotional distress) be denied. Defendants' objections are overruled. Defendants argue that Plaintiff has not adequately alleged the third factor of a First Amendment retaliation claim against Ms. Engebrecht. The third factor examines whether a plaintiff's protected speech was a substantial or motivating factor in the adverse employment action. *Hagen v. City of Eugene*, 736 F.3d 1251, 1257 (9th Cir. 2013). Defendants argue that Ms. Engebrecht is alleged to have improperly assigned Plaintiff's Complaint to Dr. Vierra's subordinate, Mr. Lee, on August 22, 2018, five months after Plaintiff's allegedly protected speech. Ms. Engebrecht is alleged to have signed a letter on October 10, 2018, that approved Dr. Lee's findings and recommendation dated five days later on October 15, 2018. The alleged temporal proximity is within the range that is sufficient to indicate a substantial or motivating factor. *See France v. Johnson*, 795 F.3d 1170, 1177 (9th Cir. 2015). To the extent Defendants argue that a Notice cannot qualify as an adverse employment action, the case cited does not support Defendants' argument. *Akers v. Cnty. of San Diego*, 95 Cal. App. 4th 1441, 1456–57 (2002) ("negative performance review and counseling memorandum – accusing her of 'incompetence,' 'dishonesty' and 'insubordination'" found sufficient to constitute adverse

employment action).  While Claim Three presents a closer question, Plaintiff's allegations are sufficient at the pleading stage.

IT IS ORDERED as follows:

(1)  Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) regarding Claim Two and Claim Three is denied; and

(2) Defendants' motion to dismiss Claim One is granted without leave to amend.

The case is referred back to the magistrate judge for further proceedings.

Dated: March 22, 2023

                                MAAME EWUSI-MENSAH FRIMPONG
                                United States District Judge